### LOEB, COONEY & LOEB v. JOHNSON-SALKELD CO.

(Supreme Court, Appellate Term, First Department. May 6, 1915.)

1. TRIAL ⊙⇒333—VERDICT—CONFORMITY TO EVIDENCE—AMOUNT.
    In an action for breach of contract, where under the evidence plaintiff was entitled to a certain sum or nothing, a verdict for about half that sum must be set aside.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 784, 786; Dec. Dig. ⊙⇒333.]

2. FACTORS ⊙⇒22—SALE—INSTRUCTIONS—PRICE.
    Where plaintiff instructed defendant by telegram that it understood the price of eggs was 22½ cents, and if so to sell both plaintiff's cars that day, defendant was authorized, if that was the market price that day, to sell all the eggs, even if it could not obtain 22½ cents for all of them.
    [Ed. Note.—For other cases, see Factors, Cent. Dig. § 22; Dec. Dig. ⊙⇒22.]

3. FACTORS ⊙⇒25—LIABILITY—UNAUTHORIZED SALE—DAMAGES.
    One who instructed its factor to sell eggs for it at a certain price could not recover damages for a sale at a less price, where the price ever since the sale had been even less than that obtained.
    [Ed. Note.—For other cases, see Factors, Cent. Dig. § 26; Dec. Dig. ⊙⇒25.]

Appeal from City Court of New York, Trial Term.

Action by Loeb, Cooney & Loeb against the Johnson-Salkeld Company. From a judgment in favor of plaintiff for $186.92, which was about one-half the amount claimed, both parties appeal. Reversed, and complaint dismissed.

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

Wilford H. Smith, of New York City, for appellants.

Finch & Coleman, of New York City (John Burlinson Coleman, of New York City, of counsel), for respondent.

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

BIJUR, J. This action is for damages alleged to have been caused to plaintiffs by defendant's breach of contract or breach of trust in failing to obey plaintiffs' instructions to sell certain eggs at a price alleged to have been fixed by plaintiffs.

[1] In response to a message from defendant, plaintiffs wired:

"Understand market 22½. If so, sell both our cars to-day."

Defendant sold some of the eggs at 22½ cents per dozen, some at 20, and some at 19. It is conceded that the difference between 22½ cents a dozen for all the eggs and the amount actually remitted to plaintiffs would be $372.34, and the plaintiffs were entitled to that sum or none. The verdict, therefore, must in any event be set aside.

[2] But I cannot find from the record any question to be submitted to the jury, nor any cause of action alleged. Both the language of the telegram and the circumstances of the case show that defendant's instructions were that, if the market was 22½ cents, defendant should sell plaintiffs' eggs at the best price obtainable, and there is no complaint that that was not done.

[3] But, even if the telegram could be construed as meaning that the eggs were not to be sold unless 22½ cents could be realized, not only have plaintiffs failed to prove any damage by reason of a rise in the prices of eggs since the date of this transaction; but, as I understand it, plaintiffs' counsel conceded on the argument that the price had, from that time until the date of the trial, been constantly less that than that realized on this sale. The actual evidence to that effect offered by defendant was excluded on plaintiffs' objection that defendant was "estopped" by its telegrams from denying that the prices had ever since been less than 22½ cents.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.